### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

MALIK RAHMAN,

    Plaintiff,

v.

JULI FERGUSON,

    Defendant.

Case No. 25-2745-JWB-ADM

### REPORT AND RECOMMENDATION

Pro se plaintiff Malik Rahman ("Rahman") brings this lawsuit against defendant Juli Ferguson, Branch Manager at Mainstreet Credit Union ("Ferguson"). The court previously granted Rahman leave to proceed in forma pauperis ("IFP") but directed the U.S. Marshals to withhold service of process until the court screened the complaint for merit under 28 U.S.C. § 1915(e)(2)(B). (ECF 4.) As discussed in further detail below, the court now recommends that the district judge dismiss Rahman's complaint because the court lacks subject matter jurisdiction and the complaint does not state a claim on which relief may be granted.

**I.   THE COURT RECOMMENDS THAT THE DISTRICT JUDGE DISMISS RAHMAN'S CLAIMS.**

When a plaintiff proceeds IFP, the court may screen the complaint under § 1915(e)(2)(B). The court may dismiss the complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The purpose of § 1915(e)(2) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate." *Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012).

A. **Legal Standard**

Dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard that applies to motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). To withstand dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not sufficient to state a claim for relief. *Id.* Dismissal of a pro se plaintiff's complaint for failure to state a claim is "proper only where it is obvious that the plaintiff cannot prevail on the facts . . . alleged and it would be futile to give [plaintiff] an opportunity to amend." *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001). The court must "accept the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff." *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016).

Because Rahman is proceeding pro se, the court construes his pleadings liberally and holds them "to a less stringent standard than those drafted by attorneys." *Johnson v. Johnson*, 466 F.3d 1213, 1214 (10th Cir. 2006). In doing so, the court does not "assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The plaintiff still bears "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.*

B. **Analysis**

1. **The complaint does not allege a basis for subject matter jurisdiction.**

Rahman filed a form "Civil Complaint" available on the court's website. He did not provide any information or check any boxes on the form complaint to allege that this court has

subject matter jurisdiction over his lawsuit. Rahman alleges that he is a citizen of Kansas and that the first-named defendant is "a corporation incorporated under the laws of the state of Kansas." (ECF 1, at 2.) The named defendant is Juli Ferguson, who is an individual, not a corporation. However, the defendant's address in the case caption is associated with Mainstreet Credit Union. Even assuming that the defendant is really Mainstreet Credit Union, not Ferguson, the complaint admits that the defendant is a citizen of Kansas because it is incorporated in Kansas. (*Id*.) Therefore, the court does not have diversity jurisdiction over this matter.

Nor does Rahman allege federal question jurisdiction. He did not check the box on the form complaint that this court has jurisdiction over this case under the U.S. Constitution or a federal statute such as 28 U.S.C. § 1331 or 28 U.S.C. § 1343 or cite any other statute that may give rise to federal jurisdiction over his claims. (*See id.* at 3.) Because the complaint does not allege a basis for subject matter jurisdiction, the court recommends dismissal of Rahman's complaint.

### 2. The complaint states no cognizable claim.

Rahman's complaint appears to be alleging (or attempting to allege) claims of bank fraud, identity fraud, and insurance fraud. (*See* ECF 1, at 3 (Statement of Claim).) He seeks "compensatory damages, pain and suffering, emotional distress, loss of enjoyment of life, loss of consortium," and punitive damages. (*Id*. at 5.) The complaint itself does not contain any factual allegations. Apparently, Rahman wants the court to glean any supporting facts from the documents attached to his complaint, but those documents do not assist in showing the basis for any of the fraud claims he is attempting to allege.

The Federal Rules of Civil Procedure require a complaint to contain: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought. *See* FED. R. CIV. P. 8(a). Here, the complaint contains a demand for the relief sought, but it does not contain

3

any plausible statement of the jurisdictional grounds for the case, and the complaint fails to offer any details showing wrongdoing or a right to relief.

Moreover, because plaintiff appears to be trying to allege fraud claims, his complaint must "state with particularity the circumstances constituting fraud." FED. R. CIV. P. 9(b). "[A] complaint alleging fraud must set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Tal v. Hogan*, 453 F.3d 1244, 1263 (10th Cir.2006) (citation and quotation marks omitted). Rahman's complaint does not meet the specificity requirements of Rule 9(b). The complaint does not even allege a false statement or misrepresentation was made, let alone say who actually made the misrepresentation, what the misrepresentation was, or when the misrepresentation was made. Rahman's complaint, even when read liberally and in the light most favorable to Rahman, does not meet this standard and thus fails to state a claim upon which relief can be granted.

### C. Conclusion

For the reasons explained above, the court recommends that the district judge dismiss this case pursuant to § 1915(e)(2)(B)(ii) because Rahman's complaint does not state a claim on which relief may be granted and because the complaint does not allege a basis for the court's subject matter jurisdiction.

\* \* \* \* \*

Pursuant to 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b)(2), and D. KAN. RULE 72.1.4(b), Rahman may file written objections to this report and recommendation within fourteen days after being served with a copy. If Rahman fails to file objections within the fourteen-day time period, no appellate review of the factual and legal determinations in this report and recommendation will be allowed by any court. *See In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).

**IT IS THEREFORE RECOMMENDED** that plaintiff Malik Rahman's complaint be dismissed.

**IT IS FURTHER ORDERED** that the clerk's office mail a copy of this Report and Recommendation to Rahman via regular mail and certified mail, return receipt requested.

**IT IS SO ORDERED.**

Dated December 17, 2025, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
