IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MALIK RAHMAN,

        Plaintiff,

v.                                    Case No.  25-2745-JWB

JULI FERGUSON,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Magistrate Judge Angel D. Mitchell's Report & Recommendation ("R&R") that recommends dismissal of Plaintiff's complaint. (Doc. 5.) Plaintiff had 14 days from service of the magistrate judge's R&R to lodge any objections to the recommendation of dismissal.   The tracking number of the certified mailing for the recommendation indicates that Plaintiff picked up the mailing at a post office on December 23, 2025.  Plaintiff filed a "Statement of Claim" on January 5, 2025. (Doc. 7.)  The court will construe this as Plaintiff's objection to the magistrate judge's R&R.  Despite Plaintiff's objections, the court ADOPTS the magistrate judge's recommendation and DISMISSES Plaintiff's complaint without prejudice.

When reviewing a magistrate judge's ruling on a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  A failure to properly object, however, leaves a party with no entitlement to appellate review, and allows the district court to review the R&R under any standard it deems appropriate. *See Williams v. United States*, No. 19-2476-JAR-JPO, 2019 WL 6167514, at *1 (D. Kan. Nov. 20, 2019) (citing *United States v. One Parcel of Real Prop.*, 73 F.3d 1057,

1060 (10th Cir. 1996)) ("The Tenth Circuit requires that objections to a magistrate judge's recommended disposition 'be both timely and specific to preserve an issue for de novo review by the district court...'"). "In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)). Under Federal Rule of Civil Procedure 41(b), a district court may dismiss an action sua sponte if "the plaintiff fails to prosecute or to comply with these rules or a court order." *See also Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (finding that this Rule allows "courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders").

Pro se pleadings are construed liberally, but a district court cannot assume the role of an advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). And pro se plaintiffs must follow the same rules of procedure that govern represented litigants. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

After review of the complaint, the R&R, and Plaintiff's objection, the court agrees with the magistrate judge that this court lacks subject matter jurisdiction and therefore must dismiss Plaintiff's complaint. Article III of the United States Constitution limits the jurisdiction of the federal courts to certain "Cases" and "Controversies." U.S. Const. art. III, § 2. The Federal Rules of Civil Procedure require Plaintiff to identify what grounds he is asserting that provide jurisdiction to this court. Fed. R. Civ. P. 8(a). Not only does Plaintiff's complaint not do that, but he has also pled facts that affirmatively indicate this court does **not** have jurisdiction. Plaintiff does not indicate he is invoking federal question jurisdiction in his complaint. As the magistrate judge explained, Plaintiff indicates he is a citizen of Kansas. (Doc. 5 at 3.) Plaintiff goes on to allege that Defendant, named Juli Ferguson (but with an address reflecting Mainstreet Credit Union), is

"a corporation incorporated under the law of the state of Kansas." (*Id.*)  Accordingly, the two parties in the lawsuit are non-diverse and absent a statute providing federal question jurisdiction over this action, the court must dismiss it as it is the proper province of the state courts.

Plaintiff's objections do not change this court's conclusion.  Plaintiff cites 18 U.S.C. § 1344, the criminal bank fraud statute, as providing jurisdiction.  That statute is a criminal statute whose enforcement is only permitted by the executive branch of the federal government.  Private parties may not use it as grounds for a lawsuit and there is nothing in the statute providing Plaintiff with a cause of action.  The remainder of Plaintiff's short objection has nothing to do with jurisdiction.  If Plaintiff believes that criminal conduct has occurred, the appropriate response is to report it to the proper authorities.

For the foregoing reasons, the court ADOPTS the magistrate judge's recommendation and DISMISSES Plaintiff's complaint without prejudice.

IT IS SO ORDERED.  Dated this 7th day of January, 2026.


s/ John W. Broomes
_____
JOHN W. BROOMES
CHIEF UNITED STATES DISTRICT JUDGE